JOHN SCHROEDER

V.

THOMAS WALSH.

INSTRUCTIONS.—The court is of opinion that the instructions upon fraudulent sale stated the law accurately and correctly, and therefore the judgment is affirmed.

APPEAL from the Circuit Court of Grundy county; the Hon. CHARLES BLANCHARD, Judge, presiding. Opinion filed August 7, 1885.

Schroeder v. Walsh.

Mr. P. A. Armstrong and Mr. L. H. Bisbee, for appellant.

Mr. S. C. Stough, for appellee.

Lacey, P. J.  The appellant was the sheriff of Grundy county, and as such levied a writ of attachment in favor of Wm. Young & Co. v. Ward & Pierce, issued September 26, 1878, on a stock of goods worth about $2,200, as is claimed, as the property of Ward & Pierce. The appellee replevied them, and upon a trial the jury found the issues for appellee, and the motion for a new trial having been overruled, this appeal was taken. The appellee claimed the title to the goods by virtue of a sale of the goods to them by Ward & Pierce, September 17, 1878. The appellant con_ tended and tried to show on the trial that the sale from Ward & Pierce to appellee was fraudulent, and made for the pur- pose of hindering and delaying creditors; on the other hand appellee contended that the sale was *bona fide*, and made with- out fraud and in good faith for a valuable consideration of $2,000.

The evidence was mainly directed to this issue on the one side and the other, and upon the evidence, under the instruc- tions of the court, the verdict of the jury was for appellee, and sustained the sale.

There is no dispute but that there was valid delivery of the possession of the goods by Ward & Pierce to appellee at the time of the sale and before the levy of the appellant's attach- ment, and the main question was as to the good faith of the transaction. This cause was in this court before, and re- versed on account of the error of the court in matter of law, and will be found reported in 10 Bradwell, 36.

The facts of this case and the sale were one of a series of sales and transactions of Ward & Pierce, who, becoming in- solvent, made sale of this stock of goods to appellee; and Samuel Ward, of the firm, about the same time made sale of his real estate, two deeds to appellee and one to one Willard Small, both sons-in-law of Samuel Ward. One of the deeds to appellee was for 88½ acres, worth about $35 to $40 per

acre, and another, the store building and lot occupied by
Ward & Pierce, both subject to mortgage. The other deed
was to Small, of 113 acres of land, and also contract for the
purchase of sixty acres upon which some payments had been
made, one James Seamark being the owner and holder of the
legal title. These sales of the real estate were attached by
Wm. Young & Co., in a bill in equity to set aside the convey-
ance for the benefit of their judgment against Ward & Pierce,
and was tried by the circuit court, and decree sustaining the
deeds, and Wm. Young & Co. have brought the case here by
appeal, and it is numbered 1360, and we have tried it in con-
nection with this suit. But in this case we have nothing to
do with any matter except the sale of the goods. We will
not undertake to examine the evidence in detail; but content
ourselves in stating our conclusions.

We are well satisfied that the evidence is abundantly suffi-
cient to sustain the verdict if the court made no mistake in
laying down the law to the jury, and of this complaint is made
by appellant. Instructions No. 4, 6, 7, 8, 9, 11 and 16 and
the modification of appellant's last instruction are complained
of. We have examined the alleged error and find no substan-
tial cause for complaint. The criticisms on the 4th instruc-
tion, that it required the appellee to make out the charge of
fraud by direct and positive evidence, is not well taken. We
only required the appellant to make out the charge of fraud
by a preponderance of the evidence, and there is nothing in
the instruction to lead the jury to think that the court meant
positive evidence, and the other instructions plainly told the
jury that fraud might be made out by proof of circumstances;
and for the same reason the objection made to the appellee's
6th instruction is not well taken. The 7th instruction, that
no presumption of fraud attached because appellee dealt with
his friends, and that a man in failing circumstances has a
right to prefer one creditor to another, to so dispose of his
property that one creditor will receive his pay in full and an-
other nothing, is not well taken. We see no good objection
to that instruction. Certainly there could be no presumption
of fraud merely because the vendor dealt with his friends,
either *prima facie* or conclusive.

Similar objections are made to the other instructions named and are not substantial. The modification of appellant's last instruction could not mislead the jury, and in fact we can not see from the abstract what the modification was, if any. The instructions given on the part of appellant were so full and particular on all the real questions of law involved that we are unable to see how the jury could have been misled.

We see no valid reason for the reversal of the judgment and it is therefore affirmed.